The opinion of the Court was delivered by
Levy, J.
This suit was brought for the purpose of annulling a transfer made by Manuel Britto, husband, to his wife, Magdeleine Labre, evidenced by an authentic act, duly recorded on April 24th, 1808, of certain landed property, in satisfaction of a judgment obtained by said wife in a suit against her husband for separation of property, and the recovery of her dotal and paraphernal claims. The marriage contract, duly recorded in October, 1836, set forth that “ the property of the future wife consists in tlie sum of two thousand dollars, which the future husband declares having received to his satisfaction, which she hereby declares she establishes as her dower.” On 16th April, 1868, she obtained judgment for said amount, and for separation of property, and by authentic act as above mentioned, to-wit: on April 24th, 1868, this judgment was satisfied by the elation en paiement of the property described in plaintiff’s petition. In July, 1872, Joseph St. Cyr brought suit against the husband, Britto, on mortgage notes made by him in July, 1866, and recovered-judgment thereon in January, 1873. Britto died in 1873, and his wife in 1881, and both successions were opened by different administrators and this suit was instituted in July, 1881.
In his petition plaintiff alleges that the judgment and elation en paiement were collusive, fraudulent and simulated, and were resorted to for the purpose of defeating the claims of Britto’s creditors, and that the property belongs to Britto’s succession, and the prayer is that said elation en paiement be declared null and void, and the property be decreed to belong to Britto’s succession.
Defendant urges against this action the prescription of one year, *349 holding that- it falls within the rules applicable to revocatory actions. The question is not a new one, and we find decisions of our own Court which are conclusive on this point, the application of which are decisive of the instant ease.
In Fennessy vs. Gonsoulin, 11 La. R. 424, the Court. Said: “ So far as the object of the present suit is to avoid the judgment recovered by the defendant against her husband, and the assignment of property to her in pursuance of it, as in fraud of plaintiff’s rights, we can regard it in no other light than as a revocatory action, by which, according to the Code, creditors may cause to be annulled any contract or transaction, so far as they may have been injured by it. Every device, contrivance or machination, by which a creditor may have been prejudiced, may •form the subject of this action. The assignment made to the wife of property, though made by the Parish Judge and experts, in conformity to the judgment, in presence and by the express consent of the parties, must be considered as essentially a contract, a elation on paiement. A contract of that description, in consideration of the dotal and paraphernal rights of the wife, is qiorhaps authorized by the Code, but like all other contracts, it is liable to be attacked as in fraud of other creditors of the husband. The action is, however, prescribed by one year, to run from the date of the judgment which the attacking creditor may have obtained. C. C. 1989, (R. C. C. 1994).” See also, Landry vs. Marchais, 6 An. 87, in which it was held (that case being similar in its main features to this) that the action should have been brought within one year from the. date of the dation on paiement; and the same doctrine is reaffirmed in Van Wickle vs. Garrett, 14 An. 106, and in Brown, Administrator, vs. Brown, in 30 An. 966.
The judgment appealed from is affirmed at costs of appellant in both Courts.